THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDDIE BLUITT, Defendant-Appellant.

First District (4th Division)    No. 79-263

Opinion filed July 9, 1981.

James J. Doherty, Public Defender, of Chicago (Marcia L. Cohen and James H. Reddy, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Alfred L. Petrocelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Following a jury trial the defendant, Freddie Bluitt, and his co-defendant, Columbus Pennington, were convicted of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2), and each was sentenced to a term of 5 to 15 years. On appeal defendant contends that he was denied a fair trial when the trial court denied his motion for a mistrial based on his improper questioning by co-defendant counsel. The co-defendant is not a party to this appeal.

About 6 p.m. on October 12, 1975, Ina and John Bozin entered the lobby of their apartment building located on the mid-North Side of Chicago. As they were about to open the locked inner lobby door in the well-lighted hallway, defendant and the co-defendant entered the lobby. Defendant was carrying a box and asked for a certain individual. He was told by Mrs. Bozin that a man by that name did not live there. Defendant then pulled a gun from the box, placed it to Mr. Bozin's stomach, announced a robbery and then threatened to kill them if Mrs. Bozin screamed. Defendant began to search Mr. Bozin, taking a pair of gloves, about one dozen business cards of Bozin's sales customers and a half-empty box of cough drops. Defendant then placed the gun in the box, and he and the co-defendant fled. The incident lasted several minutes. During the encounter Mrs. Bozin had screamed and a building resident called police who arrived less than 2 minutes later.

Mrs. Bozin confirmed the above stated events. She also identified defendant and Pennington as the culprits.

The police drove Mr. Bozin about the area shortly after the occurrence, and he saw the assailants walking nearby. The police arrested Pennington, who stopped at their order and then took a box containing the gun used in the armed robbery from him. Meanwhile defendant tried to cross the street, but he was stopped. The record shows that police

searched defendant and found the cough drops and business cards; Bozin's gloves were recovered from a nearby alley.

Defendant testified on his own behalf and claimed that he had travelled to that area alone earlier in the day to visit his friend, Louie "Corn" Armanez. Defendant then went shopping and was waiting to board a bus in the area of the Bozin armed robbery when the police arrested him. Defendant admitted that he knew the co-defendant but was not with him that day. On direct examination defendant admitted that he received educational assistance from the government by mistake after he left school. The government did not seek repayment of that sum.

The co-defendant did not testify, but co-defendant's counsel cross-examined defendant. During this cross-examination defendant detailed the circumstances regarding the erroneous governmental payments to him for educational programs. Over objection by defendant's counsel he was questioned whether he went to the area of the armed robbery to buy marijuana. Defendant said that he did but did not succeed because "Corn" did not have any. Defendant was then asked if he bought marijuana from the co-defendant, but he denied that he did. Co-defendant's counsel retorted, however, "How do you think that I knew that you bought a reefer?" Defendant's objection was sustained and the jury instructed to disregard the matter.

In closing argument, co-defendant's counsel suggested that acceptance of educational funds after he quit school was illustrative of his character. Co-defendant's counsel, in an apparent attempt to show that co-defendant was not as actively involved in the armed robbery but was merely a dupe, referred to defendant's intent to buy marijuana and the possibility that defendant carried a gun for protection when he made the purchase.

Defendant now argues that the behavior of co-defendant's counsel deprived him of a fair trial. Defendant made a motion prior to trial for a severance because the co-defendant's defense would have been antagonistic to his own. The motion was denied.[1] Since co-defendant did not testify, no antagonism should have occurred. But defendant now argues that the actions of co-defendant's counsel brought these potential inconsistencies and antagonistic defenses to the jury's attention. Defendant maintains that the jury heard repeated, unsubstantiated insinuations

---

[1] The motion for severance did not specify a basis of the alleged antagonistic defenses. At the hearing thereon defendant's counsel merely implied that each accused might say the other was involved. The trial court indicated that a severance was unwarranted based on the record before it. Further, defendant did not implicate the co-defendant in his testimony. The question of the severance was not raised in defendant's written post-trial motion. It cannot be said that the trial court erred in denying defendant's pretrial request for a severance. See discussion in *People v. Brophy* (1981), 96 Ill. App. 3d 936, 422 N.E.2d 158.

concerning his character as reflected in his questioning by co-defendant's counsel concerning the improper government education payments and his intent to purchase marijuana. Since the co-defendant did not testify, defendant says that, in effect, his attorney did because such questions could only have been posited from information given by the co-defendant.

Defendant's objection was sustained to the question and comment by co-defendant's counsel heretofore noted, and the jury was instructed to disregard the matter. Under these circumstances any error was cured. (See *People v. Baptist* (1979), 76 Ill. 2d 19, 30, 389 N.E.2d 1200.) Further, the evidence of defendant's guilt was overwhelming. The Bozins identified defendant as the gunman. Their identification was premised on an ample opportunity to view defendant under good illumination. Defendant was arrested minutes after the armed robbery in possession of Mr. Bozin's property, and the gun used was recovered from the co-defendant. The argument by co-defendant's counsel did not affect the jury's verdict. See *People v. Moore* (1973), 55 Ill. 2d 570, 577, 304 N.E.2d 622.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.